

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEMARKIO QUINSHAUN INGRAM BEY,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN, USP LEE,<br>　　　　Respondent. | §<br>§<br>§<br>§　Civil Action No. 4:24-6397-MGL<br>§<br>§<br>§ |

**ORDER REJECTING THE REPORT AND RECOMMENDATION
AND TRANSFERRING THIS CASE TO THE WESTERN DISTRICT OF VIRGINIA**

Petitioner Demarkio Quinshaun Ingram Bey (Bey), who is representing himself, filed this petition for habeas corpus under 28 U.S.C. § 2241 against Respondent Warden, USP Lee.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Bey's petition without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 21, 2024. The Clerk of Court docketed Bey's objections on December 11, 2024. The Court has reviewed Bey's objections but holds it is without jurisdiction to consider them. It will therefore enter judgment accordingly.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (alteration in original). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

"The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35.

Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief[] but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973). "The whole force of the writ is spent upon the respondent." *Id.* at 495 (internal quotation marks omitted).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442. The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495). "[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445.

Bey is incarcerated at USP Lee, which is located in Lee County, Virginia. *See* https://www.bop.gov/locations/institutions/lee/ (last visited Dec. 9, 2024). Thus, his current custodian is located within the jurisdiction of the Western District of Virginia. 28 U.S.C. § 127(b).

2

As in *Rumsfeld*, the warden's absence from the territorial jurisdiction of this Court is fatal to the Court's habeas jurisdiction. Therefore, the Court rejects the Report and **TRANSFERS** this case to the Western District of Virginia for further proceedings.

To the extent Bey requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of December 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Bey is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.