CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEMARKIO QUINSHAUN INGRAM BEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:24cv00879 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN, USP LEE, | ) | By: Robert S. Ballou |
|     Respondent. | ) | United States District Judge |

Petitioner Demarkio Quinshaun Ingram Bey, a federal inmate in Virginia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenges the legality of his detention pursuant to a judgment entered by the District Court of South Carolina on June 30, 2021, and clerically amended on August 9, 2022, sentencing him to 360 months in the Bureau of Prisons. Upon preliminary review of his petition, which is frivolous as a matter of law, I will dismiss the petition.

Petitioner was indicted (under the name Demarkio Quinshaun Ingram) in December 2019 for conspiracy to distribute more than 1 kilogram of heroin, possession with intent to distribute 100 grams of heroin, distribution of a quantity of heroin, and possession of a firearm by a convicted felon. On December 15, 2020, he pled guilty, pursuant to a plea agreement, to conspiracy to distribute more than 100 grams of heroin, a lesser-included offense of the original conspiracy charge. The Government dismissed the remaining charges as part of the agreement.

Following a sentencing hearing on June 29, 2021, the court sentenced Ingram to 360 months in the Bureau of Prisons, a sentence within the guidelines range. He appealed his sentence to the Fourth Circuit Court of Appeals, which affirmed the conviction and sentence on August 9, 2022, but remanded for correction of a clerical error in the judgment order, which

mistakenly referred to 21 U.S.C. § 841(b)(1)(C) instead of § 841(B)(1)(B). The District Court entered the corrected judgment order the same day.

On August 7, 2023, Ingram filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, alleging violation of his rights under the Fourteenth Amendment (equal protection), Fourth Amendment (challenging search warrant), Fifth Amendment (grand jury right), and Sixth Amendment (speedy trial). The District Court denied the motion, first because the plea agreement waived his right to collaterally attack the conviction, and second because the claims "fail[ed] on the merits as brought. [His] allegations [were] vague, confusing, and unsupported by facts. They appear to mimic sovereign citizen type claims . . ." *United States v. Ingram*, No. 0:19-cr-00984-CMC (D.S.C. filed Dec. 5, 2023).

On November 8, 2024, Ingram (under the name Ingram Bey) filed the current habeas petition under 28 U.S.C. § 2241 in the District Court of South Carolina, which was transferred to this court because Ingram Bey is now housed in a federal prison in Virginia. Ingram Bey claims to be of Moorish descent and challenges the jurisdiction of the trial court to convict and sentence him. He alleges that the District Court is not a real Article III court, that it is operating ultra vires, that his arrest constituted kidnapping, and that his delivery for involuntary servitude constitutes human trafficking. He contends that the statute under which he was convicted is not law, and for a crime to exist, there must be an injured party.

Ingram Bey's claims are like those raised by the defendant in *United States v. White*, 480 F. App'x 193 (4th Cir. 2012). In rejecting White's challenge to the jurisdiction of the trial court, the Fourth Circuit noted that "neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions." *Id.* at 194. Whether claiming status as a Moorish citizen, a sovereign citizen, or other similar status to support an

2

argument that the court has no jurisdiction over a defendant, such arguments have been soundly rejected by courts across the country. *See, e.g., Rejuney v. Chesapeake Cir. Ct.*, No. 3:16CV194-HEH, 2016 WL 1474009, at *3-4 (E.D. Va. Sept. 26, 2016); *Ferguson-El v. Virginia*, No. 3:10CV577, 2011 WL 3652327, at *3 (E.D. Va. Aug. 18, 2011); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).

Because I find his claims to be frivolous and unsupported by law, I will summarily dismiss Ingram Bey's petition. Further, finding that he has failed to make a substantial showing of the denial of a constitutional right, I will further deny a certificate of appealability.

A separate Final Order will be entered this day.

Enter: April 15, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge